IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JOEL GILBERT LINDSEY, | : |
| Petitioner, | : |
| VS. | :     7 : 11-CV-123 (HL) |
| GLEN JOHNSON, | : |
| Respondent. | : |

**RECOMMENDATION**

Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2007 Lowndes County conviction of malice murder and concealing the death of another. (Doc. 1). Following a jury trial and the return of a guilty verdict, Petitioner was sentenced to life for the malice murder, and ten years for concealing the death of another. Petitioner appealed his conviction to the Supreme Court of Georgia. His conviction was affirmed on appeal. *Lindsey v. State*, 285 Ga. 718, 681 S.E.2d 141 (2009).

Petitioner filed a state habeas petition on April 9, 2010 in the Superior Court of Hancock County. (Doc. 9-6). The state habeas court denied relief, and Petitioner=s application for a certificate of probable cause to appeal was denied by the Georgia Supreme Court on July 11, 2011. (Docs. 9-7; 9-9). Petitioner executed this federal habeas petition on September 8, 2011. (Doc. 1).

**Factual Background**

This Court is "bound under 28 U.S.C. § 2254[(e)] to afford factual findings of state [appellate] courts a presumption of correctness." *Towne v. Dugger*, 899 F.2d 1104, 1106 (11th

Cir. 1990); *Paxton v. Jarvis*, 735 F.2d 1306, 1308 (11th Cir. 1984).   The habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).   The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") thus retains the statutory presumption of correctness that is to be afforded state courts' factual findings.  *Id.*   As no dispute has been raised herein regarding the findings of fact issued by the Supreme Court of Georgia, said findings are hereby adopted as follows:

> The victim, was the girlfriend of appellant Lindsey [the Petitioner]. The two were friends of appellant Nelms and his wife, Beverly Barber-Nelms ("Barber-Nelms"). Barber-Nelms, who pled guilty to voluntary manslaughter and concealing a death, waived the marital privilege, and testified for the State at trial.
>
> Viewed in a light most favorable to the verdict, the evidence established that the victim threatened to alert DFCS and the police to drug use on the part of Nelms, Barber-Nelms, and Lindsey. When Barber-Nelms complained to Lindsey about these threats, he replied that he would "get rid of" the victim.  A few days later, both couples embarked on a road trip in a car rented by Nelms. In order to get the victim to go along, Lindsey concocted a story that he was driving out of town to check into a drug rehabilitation program. After several days of driving and consuming quantities of alcohol and illegal drugs, the two couples returned to the area of the victim's home in Lowndes County.   Lindsey told the victim that he had a surprise for her and they both walked away from the car toward a cemetery. Barber-Nelms knew "something was going to happen" because Lindsey and the victim had been arguing.   Nelms and Barber-Nelms next heard the victim scream for help. When they got to the cemetery, they saw Lindsey on his back on the ground and the victim on her back on top of him. Lindsey had stabbed her in the larynx and the two were struggling over a knife. Nelms got control of the knife and then pulled the victim up by her hair and plunged the knife into her throat, stabbing her repeatedly. Lindsey kicked the victim in the head to determine if she was dead; he and Nelms then dragged the body into the woods and covered it with leaves. Lindsey threw the knife and the victim's cell phone into a pond and the three concocted a story that the victim had run off with a truck driver. Several days later, Barber-Nelms turned herself into the police and led them to the

> body. She also directed police to a pond where they were able to retrieve the cell phone but could not locate the knife.
>
> Forensic evidence established the cause of death as slash wounds to the neck; the victim also suffered defensive wounds to her hands.

*Lindsey*, 285 Ga. at 718-19.

## Standard of Review

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407. "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably

3

extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 529 U.S. at 407).

Accordingly, Petitioner must first establish that the state habeas court's adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In other words, as this is a post-AEDPA case, the Petitioner herein may obtain federal habeas relief *only* if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court, or if the state court made a decision based on an unreasonable determination of the facts. *Williams*, 529 U.S. at 405; *Early v. Packer*, 537 U.S. 3, 7 (2002); 28 U.S.C. § 2254(d).

## **Petitioner's Habeas Claims**

In his Petition for federal habeas relief and his Brief supporting his Petition, Petitioner sets forth the following grounds for relief: 1) the trial court erred in denying his motion to sever and motion for a mistrial; 2) the evidence was not sufficient to support a verdict of malice murder; 3) the state habeas corpus court erred in not reaching the merits of Petitioner's claim that trial counsel was ineffective for not objecting pursuant to *Crawford v. Washington*, 541 U.S. 36 (2004), and for the trial court's failure to give limiting instructions before the introduction of a co-defendant's statements; 4) Petitioner's attorney did not object pursuant to *Crawford* to the co-defendant's statements and the trial court's failure to give limiting instructions. (Doc. 1-1).

*Procedurally defaulted grounds*

Initially, Respondent asserts that Ground 2 is procedurally defaulted. (Doc. 8-1). Respondent asserts that this claim is procedurally defaulted under Georgia's successive petition rule, as Petitioner did not raise this claim in his state habeas petition and would not be allowed to do so in a second state habeas corpus petition. O.C.G.A. § 9-14-51. Under Georgia law, any grounds for habeas relief not raised in an original or amended habeas petition

> are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

*Id.*

A state prisoner may not obtain federal habeas relief on a claim that the state courts refused to consider or would refuse to consider due to his failure to timely raise the claim at trial and/or on appeal, unless the petitioner can establish cause for the failure and actual prejudice resulting therefrom, or can establish a fundamental miscarriage of justice if the federal court does not consider the claims. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 501 U.S. 722, 724 (1991). Both cause and prejudice must be established in order to overcome the procedural bar, and the burden of demonstrating cause and prejudice lies with the petitioner. *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 480, 488 (1986).

Herein, Petitioner did not raise the issues presented in Ground 2 in the state proceedings

5

below, rendering the grounds procedurally defaulted. (*See* Doc. 9-6). Petitioner has not established cause and actual prejudice to excuse the procedural default of this claim, nor has he established a fundamental miscarriage of justice if his claim is not heard. Accordingly, the allegations contained in Ground 2 will not support the granting of habeas relief herein.

*Lack of merit*

In Ground 1, Petitioner alleges that the trial court erred by failing to sever Petitioner and his co-defendant's trial. (Doc. 1-1). In Ground 4, Petitioner alleges that his counsel was ineffective for failing to object pursuant to *Crawford* to the co-defendant's statements and the trial court's failure to provide a limiting instruction to the jury, and for his counsel's failure to raise the issue of ineffective counsel on appeal. (*Id.*). Respondent maintains that both issues lack merit as Grounds 1 and 4 have been decided adversely to Petitioner in the state court. (Doc. 8).

*Ground 1*

The Supreme Court of Georgia made findings of fact regarding the allegation that the trial court erred by failing to sever Petitioner's trial. *See Lindsey*, 285 Ga. at 720. The Supreme Court of Georgia found the following:

> After his arrest, Nelms [the co-defendant] gave two oral statements to the police; each statement was preceded by *Miranda* warnings and a written waiver. At trial Nelms invoked his right to remain silent. Over Lindsey's *Bruton* objection, the police officers who questioned Nelms were permitted to testify to the contents of the two statements. During his initial questioning, Nelms was asked whether he had seen the victim; he replied that he had not seen her in some time and that he heard she had gone off with a truck driver. Nelms also admitted having gone to the cemetery but he stated that when he drove away from there, the victim did not accompany him. Nelms admitted that he kept several knives at his home, but he denied carrying any. In a subsequent interview, Nelms was asked if he had driven to Louisana. The officer related Nelms' response:

> "He said they went almost to Louisiana, but he didn't think they actually got into Louisiana." The officer then related Nelms' response to an inquiry about the cemetery: "He told me he went to the cemetery" and "he helped cover the body."

*Id.* at 720-21.

The Supreme Court of Georgia determined, based on the facts of the case that

> the court applied the [*Daniel v. State*, 285 Ga. 406 (2009)] standard and exercised its discretion in denying the severance, subject to renewal at trial. As the evidence at trial created no confusion as to evidence or law, antagonistic defenses were not asserted, and there was no improper spillover against either defendant, we find no abuse of discretion in denying the motion to sever.

*Id.* at 720.  In addition, the Supreme Court of Georgia determined that at the trial, when the motion for severance was renewed on *Bruton* grounds that

> [i]n neither statement did Nelms name or inculpate Lindsey. Lindsey asserts that the statement "*they* went almost to Louisiana," could be construed by the jury to refer to him especially in light of Barber-Nelms' testimony that the two couples had embarked on the road trip together. But this reference, standing alone, did not directly implicate Lindsey in the crimes, and the remainder of Nelms' remarks referred only to himself. For similar reasons, the trial court did not err in denying Lindsey's motion for mistrial on *Bruton* grounds when, during closing argument, the prosecutor referred to Nelms' custodial statements. It follows that the trial court did not abuse its discretion in denying the severance motion and the motion for mistrial on *Bruton* grounds.

*Id.* at 721.

The Supreme Court of Georgia explicitly applied the standard found in *Bruton v. U.S.*, 391 U.S. 123 (1968) to find that Petitioner had failed to show that his sixth amendment rights had been violated.

The Supreme Court of Georgia applied the correct standard for evaluation of the trial

7

court's ruling denying Petitioner's motion to sever.  In *Bruton*, the Court held that the admission of a non-testifying co-defendant's statement or confession which implicates a co-defendant violates the sixth amendment confrontation clause.  *Bruton v. U.S.*, 391 U.S. 123 (1968); *see also U.S. v. Doherty*, 233 F.3d 1275, 1281 (11th Cir. 2000). To show a *Bruton* violation, the defendant must "show that the out-of-court statement by [a] co-defendant [ ] directly implicated [the defendant] and that the statement standing alone was clearly inculpatory."  *U.S. v. Beard*, 775 F.2d 1577 (11th Cir. 1985).

Herein, the state court found that the co-defendant's confession did not name or inculpate Petitioner.  In his Petition and subsequent briefs, Petitioner only provided an explanation of his claims, and failed to provide any evidence showing the state court's decision was either contrary to or an unreasonable application of Federal law. (*See* Docs. 1, 1-1, 10).  After review, the state court's analysis regarding the representation provided by trial counsel reveals that its conclusions were neither contrary to nor an unreasonable application of clearly established Federal law. Thus, this Court is prohibited from issuing habeas relief on the basis of Ground 1.  28 U.S.C. §§ 2254(d)(1) & 2254(e)(1); *Williams v. Taylor*, 529 U.S. 362, 387-388 (2000).

*Ground 4*

The state habeas court made findings of fact regarding the issue of ineffective assistance of counsel after conducting an evidentiary hearing.  The state habeas court found the following relevant facts:

> H.B. Edwards was appointed to represent Petitioner shortly after his arrest on May 18, 2004. Mr. Edwards has been practicing law since 1968, and has represented clients in hundreds of murder cases and hundreds of armed robbery cases. He has successfully kept his clients off of death row in 25 death penalty cases. He spent 180 hours

> representing Petitioner.
>
> He received discovery and provided Petitioner with all the documents in this case. He utilized a private investigator to discover cross-examination material as to Ms. Nelms, the key witness. He filed pretrial motions, including a motion to sever.
>
> In support of his severance motion, he produced copies of all of the statements made by Mr. Nelms to the police and he repeated these arguments in his appeal. During the case in chief and closing argument, Mr. Edwards made numerous objections to these statements by the co-defendant. These objections formed the basis for his argument to the Georgia and United States Supreme Courts.
>
> The co-defendant's ex-wife waived marital privilege and testified against the two men as an eyewitness to the murder, and had previously entered a guilty plea to voluntary manslaughter for which she received a 15 year sentence. Mr. Edwards fought vigorously to sever the case and to keep out the statements from co-defendant Nelms. He objected strenuously and attempted to show the trial court that the statements by the co-defendant to the police to be a sixth amendment confrontation clause violation relying on Bruton v. United States, 391 U.S. 23 (1968). He asked for a mistrial when the state made reference to the co-defendant's statements during closing argument.
>
> In his appeal to the Georgia Supreme Court, Mr. Edwards argued over 12 pages that a sixth amendment violation under Bruton occurred, and also relied upon Crawford v. Washington, 541 U.S. 36 (2004).

(Doc. 9-7, pp. 3-4) (internal citations omitted).

The state habeas court determined, based on the facts of the case that

> Petitioner has failed to establish a deficient performance of trial or appellate counsel. Contrary to Petitioner's argument, the record shows that Mr. Edwards argued the Bruton issue at trial and on appeal, citing Crawford, as supporting authority for his argument and the Georgia Supreme Court ruled that there was no issue as to a confrontation clause violation. Petitioner has failed to meet his burden of proof as to either prong of the Strickland test.

(*Id.* at p. 7).

The state habeas corpus court explicitly applied *Strickland v. Washington*, 466 U.S. 668 (1984) to find that Petitioner had failed to meet his burden to show deficient performance and actual prejudice as to the allegations of ineffective assistance of counsel.

The state habeas court applied the correct standard for evaluation of ineffective assistance of counsel claims.   In *Strickland v. Washington,* 466 U.S. at 687, the United States Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."*Id.*   Second, a defendant must demonstrate that the deficient performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

Under the first prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690.   The petitioner must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."*Id.* at 689 (citation omitted).   Under the prejudice prong, a petitioner must establish that there is a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman v. Morrison,* 477 U.S. 365, 375 (1986); *Strickland,* 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome."*Id.* at 694.

10

In his Petition and subsequent briefs, Petitioner only provided an explanation of his claims, and failed to provide any evidence showing the state court's decision was either contrary to or an unreasonable application of Federal law. (*See* Docs. 1, 1-1, 10).   After review, the state court's analysis regarding the representation provided by trial counsel reveals that its conclusions were neither contrary to nor an unreasonable application of clearly established Federal law.   Thus, this Court is prohibited from issuing habeas relief on the basis of Ground 4.   28 U.S.C. §§ 2254(d)(1) & 2254(e)(1); *Williams v. Taylor*, 529 U.S. 362, 387-388 (2000).

*Failure to state a claim*

Respondent maintains that Ground 3 in this federal habeas Petition fails to raise a valid claim for federal habeas relief, as no federal questions were presented.   (Doc. 8-1).   In Ground 3, Petitioner alleges that he did not receive a fair state court hearing in his habeas case because the court did not reach a decision on the merits regarding his claim of a *Crawford* violation and his claim that the trial court erred in not giving limiting instructions.   (Doc. 1-1).

A federal court may entertain a federal habeas petition only on the ground that the prisoner is in custody in violation of the United States Constitution, a treaty, or the laws of the United States.   *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).   "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."   *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983).   Errors that are raised by a petitioner which do not involve the reason for his conviction and sentence are not cognizable in federal habeas corpus petitions.   *Quince v. Crosby*, 360 F.3d 1259, 1261 (11th Cir. 2004).   In general, "alleged infirmities in state habeas proceedings do not state an independent claim for federal habeas corpus relief."   *Thompson v. Roberts*, 2008 WL 4089315,

11

\*6 (S.D. Ga Sept. 2, 2008); *Spradley v. Dugger*, 825 F.3d 1566, 1568 (11th Cir. 1987) (a claim asserting errors in a collateral proceeding "goes to issues unrelated to the cause of petitioner's detention, [and thus] does not state a basis for habeas relief"; *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) ("errors in a state habeas proceeding cannot serve as a basis for setting aside a valid original conviction").

In Ground 3, Petitioner is alleging that the state habeas court erred because of the way it ruled on Petitioner's claim. (Doc. 1-1). Petitioner is not alleging that his Constitutional rights were violated by the state court proceedings; rather, Petitioner alleges that a collateral proceeding was "unfair." As Petitioner is not challenging his conviction under this Ground, but is challenging an error he contends the state habeas judge made during the habeas proceedings, it is an attack on a proceeding merely collateral to his conviction. Thus, Ground 3 is not a cognizable claim in this Court under § 2254, and Petitioner is not entitled to habeas relief on this claim. *See Stinson v. Thompson*, 2007 WL 3341700, \*7 (M.D. Ga. Nov. 8, 2007) (a claim challenging the state habeas judge's decision is not cognizable under 28 U.S.C. § 2254).

*Conclusion*

As none of the grounds raised by Petitioner will support the granting of federal habeas relief, it is the recommendation of the undersigned that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28

U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).   Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.   If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 21st day of August, 2012.

*s/ THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

llf